[Civ. No. 2790. Second Appellate District, Division One.—March 14, 1919.]

GUARANTY TRUST & SAVINGS BANK (a Corporation), Respondent, v. ALBERT L. MARSH et al., Defendants; E. RABIN, Appellant.

[1] LANDLORD AND TENANT—SERVICE OF NOTICE ON ASSIGNEES—RECOGNITION OF TENANCY.—The fact that a lessor serves on the assignees of the lessee the statutory three days' notice to pay the rent then due or surrender possession of the premises shows that such lessor recognizes the tenancy of such assignees.

APPEAL from a judgment of the Superior Court of Los Angeles County. John M. York, Judge. Affirmed.

The facts are stated in the opinion of the court.

Henry M. Willis for Appellant.

Call & Call and Anderson & Anderson for Respondent.

CONREY, P. J.—Action in unlawful detainer. A trial was had of the issues between plaintiff and appellant, the other defendants having suffered default. At the time of the trial appellant surrendered the leased premises to the plaintiff. Judgment was entered against appellant for the rent for the

time covered by his occupancy, from which judgment defendant Rabin has appealed.

Appellant contends that the judgment against him should be reversed for the reason that there was no finding that the relation of landlord and tenant existed between the plaintiff and appellant, and that there was no evidence in the record to support the finding that appellant entered the premises on May 20, 1918, under an assignment of the lease theretofore executed by the plaintiff to Marsh and Bracken. The complaint alleged and it is admitted that the record proves that on the twenty-eighth day of January, 1918, the plaintiff executed to Albert L. Marsh and Bertram Bracken a three-year lease of the premises described in the complaint. The lessees went into possession on the tenth day of February following the date of the lease. The complaint alleged that appellant and two other defendants "claim some interest in said lease or said premises under the said lessees, and are in possession of the said premises, or a part thereof, under the said lessees." This allegation was not denied. That it probably could not have been successfully denied is indicated by the uncontradicted testimony of the witness Harrington that appellant, at a time while he was in possession of the premises, declared that he held such possession under an assignment of the Marsh and Bracken lease.

There is no merit in appellant's further contention that the relation of landlord and tenant did not exist between him and the plaintiff, the reasons alleged by him being that the plaintiff never consented in writing to an assignment of the lease and never accepted him as a tenant and never received rent from him. Those portions of the lease which have been printed with the briefs do not show any contract that an assignment of the lease must be approved in writing by the lessor. If there had been such stipulation, it must have existed for the benefit of the lessor and not for the protection of the lessee under such circumstances as here appear. [1] That the plaintiff did recognize appellant's tenancy prior to the commencement of this action is shown by the fact that plaintiff served upon appellant, together with other persons, the statutory three days' notice to pay the rent then due or surrender possession.

The judgment is affirmed.

Shaw, J., and James, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on May 12, 1919.

All the Justices concurred.